THE FEDERAL LAND BANK OF BALTIMORE, Appellant, *v.* REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 984. Submitted January 9, 1937.—Decided January 15, 1937.

*Frank Martínez, Sebastián García Díaz* and *A. Barceló, Jr.* for petitioner. The registrar did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

A deed of judicial sale made by James M. Johnson, as Special Master appointed by the District Court of the United States for the District of Puerto Rico, in favor of the Federal Land Bank of Baltimore, represented by its Assistant Manager, Charles Stewart Graham, appearing in public deed executed on November 12, 1936, before Notary Antonio R. Barceló, Jr., was presented for record in the Registry of Property at Ponce. The registrar placed the following note thereon:

"Record made of the foregoing document, limited, however, to the area remaining to the property after deduction from the area stated in this document, two parcels of 69 centimeters and 61 centimeters, segregated and sold to The People of Puerto Rico with respect to which record is denied . . ., with the curable defect of not showing that Arnaldo Ruiz Morazani, and Teresa and Minica Ruiz Gutiérrez are the known heirs of Carmen Luisa Gutiérrez González. . . ."

The Federal Land Bank, not satisfied with the curable defect, appealed to this court, asking that the decision be reversed in that particular. The registrar, although notified, has not filed a brief.

The judicial sale in question was carried out in execution of a judgment entered by the District Court of the United States for the District of Puerto Rico in a suit brought there by the Federal Land Bank for the collection of a certain

credit secured by mortgage. One of the debtors—Carmen Luisa Gutiérrez González—having died, the complaint was filed against "John Doe and Richard Roe" as her unknown heirs, and they were summoned by publication. In addition to that, since the plaintiff was aware of the existence of the husband and of two children of that debtor, they were personally served and permitted to appear in the suit.

The registrar does not contend that the service by publication was not in accordance with law. If it was done in due form it was sufficient, in accordance with the decision in the case of the *Federal Land Bank of Baltimore* v. *Registrar of Mayagüez*, 46 P.R.R. 270, 273, to wit:

"The proceeding was not brought against the succession of Nicolás Cuebas Lugo as a separate entity, as a separate artificial person, and following the rule laid down by this court in the case of *Dapena* v. *Estate of Dominicci*, 12 P.R.R. 64, cited in that of Arvelo, *supra*, it was averred that the succession was composed of certain persons who, being unknown to the plaintiff, were designated by fictitious names. This is ordinarily sufficient."

The fact that the plaintiff became aware of the existence of certain persons who might have been heirs, and so stated, and served them personally, should not make the plaintiff's position worse. Sight should not be lost of the fact that this is an action for the collection of a debt guaranteed by mortgage and that the property which was sold at judicial sale to satisfy the credit was expressly encumbered for that purpose.

The appeal must be allowed and a record without the defect complained of directed to be made.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.